UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81275-CV-HURLEY/HOPKINS

THE YACHT CLUB ON THE
INTRACOASTAL CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

LEXINGTON INSURANCE
COMPANY, et al.,

    Defendants.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING THE CASE WITH PREJUDICE, AND DECLARING THE CASE CLOSED

**THIS CAUSE** is before the Court following its Order Directing Submission of Status Report [ECF No. 29].  On September 26, 2013, the Court ordered Plaintiff to submit a status report "indicat[ing] whether any additional claims or issues remain to be determined as against any defendant, or whether the case is now due to be closed."  [ECF No. 29, ¶1].  Plaintiff submitted a status report [ECF No. 30], Defendant Lexington Insurance Company responded [ECF No. 33], and Plaintiff, upon another order by the Court [ECF No. 35], replied [ECF No. 36].  In Defendant's response, it argued that "the doctrine of res judicata precludes the Court" from keeping the case open. [ECF No. 33 at 1].  The Court entered an order construing Defendant's response [ECF No. 33] as a motion to dismiss under Fed R. Civ. P. 12(b)(6), and directing Plaintiff to respond [ECF No. 37], which it has [ECF No. 38].  Upon review, the Court will dismiss Plaintiff's Complaint [ECF No. 1].

## BACKGROUND

Plaintiff The Yacht Club on the Intracoastal Condominium Association, Inc. purchased primary property insurance from Defendant Lexington Insurance Company, covering the period from April 29, 2005 to April 29, 2006. According to the insurance policy, before The Yacht Club can file suit against Lexington, The Yacht Club must (1) provide Lexington with "prompt notice of the loss or damage" and (2) provide proof of loss within 60 days of Lexington's request. On October 24, 2005, Hurricane Wilma struck The Yacht Club.

On July 27, 2010, The Yacht Club provided Lexington with a *notice* of its loss caused by Hurricane Wilma. It then filed suit against Lexington for declaratory judgment and breach of contract on October 12, 2010. *The Yacht Club v. Lexington et al.*, Case No. 9:10-cv-81397. The next month, on November 29, 2010, The Yacht Club submitted a *proof* of loss to Lexington.

On December 29, 2010, Lexington sent The Yacht Club a letter informing it that Lexington would refuse to consider The Yacht Club's loss. According to Lexington, the insurance policy required The Yacht Club to submit a proof of a loss before it filed suit. By filing suit before submitting a proof of loss, The Yacht Club had breached the insurance policy.

On November 2, 2011, the Court dismissed The Yacht Club's claims for ripeness. The Court concluded that, under Florida law, an insured may only file suit against its insurer for coverage if the insurer has made a specific refusal to pay. Because The Yacht Club had filed suit before Lexington had made a specific refusal to pay, the Court found that the case was not ripe for adjudication. On appeal, the Eleventh Circuit reversed the Court's ruling, holding that although The Yacht Club's claim was not ripe at the time it filed suit, Lexington's December 29, 2010 denial of The Yacht Club's claim had caused the case to ripen by the time the Court issued its ruling.

On remand from the Eleventh Circuit, the Court considered and granted Lexington's motion for summary judgment.  In its motion for summary judgment, Lexington argued that under the insurance policy The Yacht Club could not file suit before providing Lexington a proof of loss.  Although the Court rejected Lexington's argument, the Court nevertheless granted summary judgment for Lexington because it found that The Yacht Club's July 27, 2010 notice of loss was not "prompt," as the insurance policy required, and was prejudicial.  Both parties appealed, and that appeal awaits resolution.

Presently before the Court is a second complaint by The Yacht Club against Lexington for breach of contract with regard to Hurricane Wilma.  The second complaint differs from the former complaint by adding a description of The Yacht Club's conduct beginning in October 2010.  The second complaint adds that in October 2010 The Yacht Club offered representatives to Lexington for deposition and tendered to it various documents.  It also adds, and The Yacht Club in its status report isolates this addition as important, that, on July 13, 2012, The Yacht Club submitted a proof of loss to Lexington.  Arguing why the case should not be closed, The Yacht Club states the following:

> If the 11th Circuit Court of Appeals were to grant the Yacht Club's appeal, finding that notice was prompt as a matter of law or that prompt notice is an issue for the jury to decide, then it would also consider in its *de novo* review if the Yacht Club complied with the insurance policy's proof of loss requirement. Therefore, if the 11th Circuit Court of Appeals reverses this Court's May 10, 2013 opinion and determines on the limited record before it that the Yacht Club did not comply with all post-loss duties, then the *additional allegations* of the Yacht Club's post-loss duty compliance made in this case may be issues that remain to be determined against Lexington.

[ECF No. 30 at 3–4].

**DISCUSSION**

*Res judicata* precludes a subsequent claim when "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado v. United States Attorney General*, 664 F.3d 1369, 1375 (11th Cir. 2011). Cases involve "the same cause of action" if they "arise[] out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *Id.*

The Yacht Club's second complaint satisfies all four elements for the application of *res judicata*. First, by granting Lexington's motion for summary judgment, the Court ordered a final judgment on the merits. *See Lloyd v. Card*, 293 Fed. App'x. 696 (11th Cir. 2008) (affirming a finding of *res judicata* when the district court resolved the case on summary judgment). That the judgment is on appeal does not vitiate its finality. *See e.g.*, *Jaffree v. Wallace*, 837 F.2d 1461, 1466–67 (11th Cir. 1988) (holding that "finality, for purposes of claim preclusion, existed" when the district court's judgment was pending on appeal even though it was later reversed). Second, the Eleventh Circuit has held that this Court had jurisdiction to hear The Yacht Club's first complaint. *See The Yacht Club on the Intracoastal Condominium Assoc., Inc. v. Lexington Insurance Company*, No. 1-15683 (11th Cir. Feb. 25, 2013) (reversing the Court's finding that it lacked subject matter jurisdiction). Third, the parties are identical in the two suits.

Fourth, and finally, The Yacht Club's second complaint is "based upon the same factual predicate" as its first complaint. *Maldonado*, 664 F.3d at 1275. The Yacht Club's second complaint alleges the same breach, of the same policy, by the same party, for the same storm, and for the same property as its first complaint. *See Trustmark Insurance Co. v. Eslu, Inc.*, 299 F.3d 1265, 1271 (11th Cir. 2002) ("[W]here the second lawsuit alleges a breach of the same

contract that was breached in the first, by the same party, in the same general manner, those actions constitute the factual predicate . . ." and *res judicata* applies). The Yacht Club does not allege any additional breach that occurred after it brought the first complaint. *See e.g.*, *Prime Management Co., Inc. v. Steinegger*, 904 F.2d 811, 816 (2d Cir. 1990) (holding that "res judicata will preclude the party's subsequent suit for any claim of breach that had occurred prior to the first suit [but] it will not, however, bar a subsequent suit for any breach that had not occurred when the first suit was brought . . ."), *quoted in Trustmark*, 299 F.3d at 1271. Instead, The Yacht Club restates its original complaint while adding that in October 2010 it offered to provide representatives for deposition and tendered various documents to Lexington and that, on July 13, 2012, it provided a proof of loss to Lexington. According to The Yacht Club, these new allegations "were impossible to allege in the prior case because they occurred after this Court dismissed the first case and this Court subsequently dismissed the case *sua sponte* without permitting the Yacht Club to amend its pleadings." [ECF No. 38 at 3].

The Yacht Club misunderstands the procedural history of this case and ignores the Court's holding on summary judgment. The Court did not *sua sponte* dismiss the case. The Court granted Lexington's motion for summary judgment. When it did, it found that The Yacht Club's notice of loss to Lexington on May 21, 2010 was prejudicially not "prompt." Although the Court will not evaluate the merits of The Yacht Club's second complaint, if a July 27, 2010 notice of loss was not prompt, then the Court would imagine that a notice of loss in October 2010 or a proof of loss in June 2012 would not be prompt either. On its appeal of the Court's summary judgment order, The Yacht Club may argue to the Eleventh Circuit that its post-loss conduct did not prejudice Lexington. It may even argue that its notice was prompt. However, what The Yacht Club may not do is restate a complaint, add a few facts, and expect the Court to

entertain it anew. In this case, all four elements are satisfied, and the Court finds that *res judicata* applies.

## CONCLUSION

For the foregoing reasons, the Court will grant Lexington's Motion to Dismiss [ECF No. 33].

Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED**.

2. This case is **CLOSED**.

3. All pending motions not otherwise ruled upon are **DENIED** as moot.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 26th day of November, 2013.

_____
Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*